UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TERESA ALEXANDER,

        Plaintiff,

   v.

AMERICA'S SERVICING COMPANY; OWEN LOAN SERVICING, LLC; NEW CENTURY MORTGAGE CORPORATION, et al.,

        Defendants.

NO. CIV. S-09-1798 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants' various motions to dismiss and to strike (Docket #s 30, 31, 34, 35) (collectively, "defendants") plaintiff Teresa L. Alexander's ("plaintiff") first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6), (f).[1] On February 1 and 4, 2010, plaintiff filed oppositions to defendants' motions, in which she opposed the dismissal of her state law causes of action

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

1

but agreed to the dismissal of her federal claim alleged against some of the moving defendants pursuant to the Real Estate Settlement Procedures Act ("RESPA").  (Docket #s 41, 43.)  She also did not file a substantive opposition to defendants' request for dismissal of her eleventh claim for relief, alleging a violation of federal bankruptcy laws.  Plaintiff separately filed on March 22, 2010, a statement indicating she did not intend to pursue any federal claims for relief against any named defendants; plaintiff's FAC alleges a RESPA and federal Truth in Lending Act ("TILA") claim against a non-moving defendant New Century Mortgage Corporation ("New Century"), as well as a federal bankruptcy claim against defendant NDEx West, LLC ("NDEx").  (Docket #s 54, 55)[2]

    Based on plaintiff's filings, the court dismisses the RESPA, TILA and federal bankruptcy claims asserted in the FAC.  See, e.g. Fed. R. Civ. P. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (a defendant's filing of a motion to dismiss, pursuant to Rule 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

    Dismissal of these claims leaves the complaint devoid of any federal claims.  The remaining claims are state law claims for violation of the California Rosenthal Act, negligence, breach of fiduciary duty, fraud, violation of California Business and Professions Code § 17200 et seq., breach of contract, breach of

---

[2] To date, plaintiff has not served New Century, and it has not joined in the motions or otherwise appeared in the action.  NDEx filed an answer to the FAC but subsequently filed a joinder in the pending motions (Docket #52).

1 the implied covenant of good faith and fair dealing, and wrongful
2 foreclosure.  (FAC, filed Sept. 8, 2009.)
3     Subject to the conditions set forth in 28 U.S.C. § 1367(c),
4 district courts may decline to exercise supplemental jurisdiction
5 over state law claims.  See Acri v. Varian Assoc., Inc., 114 F.3d
6 999, 1000 (9th Cir. 1997) (en banc).  The court's decision
7 whether to exercise supplemental jurisdiction should be informed
8 by values of "economy, convenience, fairness, and comity."  Id.
9 at 1001 (citations omitted).  Further, primary responsibility for
10 developing and applying state law rests with the state courts.
11 Therefore, when federal claims are eliminated before trial,
12 district courts should usually decline to exercise supplemental
13 jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,
14 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d
15 1041, 1046 (9th Cir. 1994) ("In the usual case in which federal-
16 law claims are eliminated before trial, the balance of factors
17 . . . will point toward declining to exercise jurisdiction over
18 the remaining state law claims.") (quoting Schneider v. TRW Inc.,
19 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with Section
20 1367(c), the court declines to exercise supplemental jurisdiction
21 over plaintiff's remaining state law claims.
22     Plaintiff's complaint is therefore DISMISSED without
23 prejudice.
24     IT IS SO ORDERED.
25  DATED: March 29, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3